Nicholas D. Kovarik, WSBA #35462
Email: nick@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
509-321-5930 – Telephone
509-321-5935 – Facsimile

Attorney for Plaintiffs Audrey Ludlum, et al.

U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUDREY LUDLUM, Individually and For Others Similarly Situated.<br><br>Plaintiffs,<br>v.<br><br>C&I ENGINEERING, LLC.<br><br>Defendant. | Case No.:<br>4:18-cv-05192<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Audrey Ludlum (Ludlum) is informed and believes, and on that basis alleges, as follows:

**SUMMARY**

1. C&I Engineering, LLC (C&I) failed to pay Ludlum, and other workers like her, overtime as required by the Fair Labor Standards Act (FLSA) and the Revised Code of Washington, Chapter 49.46 *et seq.* (RCW), Washington's Minimum Wage Act (WMWA), and any relevant regulations and/or rules adopted by the Washington Director of Labor and Industries (collectively, "Washington Wage Laws").

CLASS AND COLLECTIVE ACTION
COMPLAINT - 1

2. Instead, C&I pays Ludlum, and other workers like her, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. C&I further failed to pay Ludlum, and other workers like her, for all rest breaks, meal breaks in violation of Washington Wage Laws.

4. Ludlum brings this collective and class action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

8. Ludlum performed work for C&I in Richland, Washington, in this District and Division.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 2

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## THE PARTIES

9. Ludlum was an hourly employee of C&I. Her written consent is attached as Exhibit A.

10. Ludlum seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of C&I Engineering, LLC who were, at any point in the past 3 years, paid "straight time for overtime." (the "FLSA Class").**

12. Ludlum also seeks certification of a class under Fed. R. Civ. P. 23 to remedy C&I's violations of the Washington Wage Laws.

13. The class of similarly situated employees sought to be certified as a class action for the purposes of pursuing their Washington Wage Laws claims is defined as:

> **All hourly employees of C&I who worked in Washington who were, at any point in the past 3 years, paid "straight time for overtime" (the "Washington Class").**

14. Collectively, the FLSA Class Members and Washington Class Members are referred to as "Class Members."

15. C&I is an engineering firm with headquarters in Louisville, Kentucky. C&I may be served with process by serving its registered agent:

C&I Engineering, LLC, 369 Falconridge Street, Richland, Washington, 99352.

**Coverage Under the FLSA**

16.  At all times hereinafter mentioned, C&I was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.  At all times hereinafter mentioned, C&I was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18.  At all relevant times, C&I was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because C&I is an engineering firm providing design, consulting, construction and management services throughout this country.

19.  At all relevant times, C&I had an annual gross volume of sales made in excess of $5,000,000.00.

20.  At all times hereinafter mentioned, Ludlum and the Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 4

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

# THE FACTS

21. C&I is a multi-million-dollar engineering firm that provides design, consulting, construction, and management services to clients across the United States.

22. In order to provide these services, it employs individuals like Ludlum.

23. Ludlum was an hourly employee of C&I.

24. Ludlum was hired around January of 2017.

25. Ludlum was a Civil Engineer for C&I.

26. C&I paid Ludlum by the hour.

27. C&I paid Ludlum $83.00 per hour.

28. Ludlum reported the hours she worked to C&I on a regular basis.

29. If Ludlum worked fewer than 40 hours in a week, she was only paid only for the hours she worked.

30. But Ludlum regularly worked more than 40 hours in a week.

31. For example, during the two-week pay period ending on April 8, 2016, Ludlum was credited for working 144 hours.

32. During both of those two weeks, Ludlum worked more than 40 hours.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 5



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

33. Ludlum was paid $83.00 for all 144 hours she worked.

34. The hours Ludlum worked are reflected in C&I's records.

35. C&I paid Ludlum at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

36. Rather than receiving time and half as required by the FLSA, Ludlum only received "straight time" pay for overtime hours worked.

37. This "straight time for overtime" payment scheme violates the FLSA.

38. Ludlum was not paid for periods of inactivity during meal breaks and rest breaks.

39. C&I has not paid Ludlum the overtime she is owed, constituting waiting time.

40. C&I was aware of the overtime requirements of the FLSA.

41. C&I nonetheless failed to pay certain hourly employees, such as Ludlum, overtime.

42. C&I's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

**FLSA VIOLATIONS**

43. By failing to pay Ludlum and the FLSA Class Members overtime at one-and-one-half times their regular rates, C&I violated the FLSA's overtime provisions.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 6



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

44. C&I owes Ludlum and the FLSA Class Members the difference between the rate actually paid and the proper overtime rate.

45. Any differences in job duties do not detract from the fact that these hourly workers are entitled to overtime pay.

46. Because C&I knew, or showed reckless disregard for whether, its pay practices violated the FLSA, C&I owes these wages for at least the past three years.

47. C&I is liable to Ludlum and the FLSA Class Members an amount equal to all unpaid overtime wages as liquidated damages.

48. Ludlum and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

49. The workers impacted by C&I's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

**WASHINGTON WAGE LAW VIOLATIONS**

50. Ludlum realleges and reincorporates all allegations above as if incorporated herein.

51. The foregoing conduct, as alleged, violate the Washington Wage Laws.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 7

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

52. At all relevant times, C&I has been, and continue to be, an "employer" within the meaning of the Washington Wage Laws. At all relevant times, C&I employed "employee[s]," including Ludlum and the Washington Class, within the meaning of the Washington Wage Laws.

53. RCW §49.52.070 provides that employers who violate Washington's minimum wage laws under the circumstances present in this case are liable for double the amount of wages improperly withheld.

54. Pursuant to RCW §49.52.080, there exists a presumption of willfulness.

55. The Washington Wage Laws require an employer, such as C&I to pay overtime compensation to all non-exempt employees. Ludlum and the Washington Class are not exempt from overtime pay requirements under the Washington Wage Laws.

56. More specifically, the Washington Class members' claims are subject to the three-year statute of limitations applicable to the WMWA and implied contracts, as provided under RCW § 4.16.080(3). *See e.g.*, *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 838, 991 P.2d 1126, 1134, opinion corrected on denial of reconsideration, 1 P.3d 578 (Wash. 2000); *Mitchell v. PEMCO Mut. Ins. Co.*, 134 Wash. App. 723, 737, 142 P.3d 623 (2006).

CLASS AND COLLECTIVE ACTION
COMPLAINT - 8



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

57. At all relevant times, C&I had a policy and practice of failing and refusing to pay overtime pay to Ludlum for her hours worked in excess of forty hours per workweek.

58. C&I violated Washington Wage Laws including, but not necessarily limited to, RCW, WMWA, by failing to pay the Washington Class on a salary basis.

59. At all relevant times, C&I did not pay the Washington Class on a salary basis, so the Washington Class was not exempt under Wash. Admin. Code §296-128-510 (executive), Wash. Admin. Code §296-128-520 (administrative), Wash. Admin. Code §296-128-530 (professional), and Wash. Admin. Code §296-128-532 (salary basis and deductions).

60. With regards to the Class Members, C&I did not comply with Washington Admin. Code §296-126-092(4) which provides: "Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time."

61. At all relevant times, C&I willfully failed and refused, and continues to willfully fail and refuse, to pay Ludlum and Class Members the amounts owed. Specifically, C&I claws back all hourly advances not paid for rest/meal break time. This conduct violates Washington Wage Laws as alleged in this cause of action.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 9

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

62. C&I has denied Ludlum and the Washington Class wages and benefits of employment, including contractual vacation pay, as alleged herein. C&I's deduction of Ludlum and the Washington Class members vacation pay for wages results in depriving Ludlum and Washington Class members of their vacation pay, in violation of RCW §49.52.050. C&I is, therefore, liable to Ludlum and the Washington Class for all such vacation pay and other improperly deducted or rebated wages or earnings, and double damages, under RCW §49.52.070.

63. Ludlum and the Washington Class seek recovery of attorneys' fees, costs, and expenses of this action to be paid by C&I.

64. Ludlum and the Washington Class seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

65. C&I's illegal "straight time for overtime" policy extends beyond Ludlum.

66. It is the "straight time for overtime" payment plan that violates the FLSA in this collective and class action.

67. C&I pays hundreds of hourly employees according to the same unlawful scheme.

68. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

69. Ludlum and the Class Members impacted by C&I's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

70. C&I has accurate records of the wages paid to its hourly workers.

71. The Class Members are geographically disbursed, residing, and working in states across the country.

72. Ludlum's experiences are typical of the experiences of all Class Members.

73. Ludlum has no interests contrary to, or in conflict with, the members of the Class Members. Like each member of the proposed classes, Ludlum has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 11

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

74. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

75. Absent this action, many members of the FLSA Class and Washington Class likely will not obtain redress of their injuries and C&I will retain the proceeds of their violations of the FLSA and Washington Wage Laws.

76. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

77. The questions of law and facts common to each of the FLSA and Washington Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether C&I employed the FLSA and Washington Class Members within the meaning of the FLSA and Washington Wage Laws;

    b. Whether the FLSA and Washington Class Members were exempt from overtime;

CLASS AND COLLECTIVE ACTION
COMPLAINT - 12



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

  c. Whether C&I's decision not to pay overtime to the FLSA and Washington Class Members was made in good faith; and

  d. Whether C&I's violation of the FLSA and Washington Wage Laws was willful.

78. Ludlum's claims are typical of the FLSA and Washington Class Members since both have sustained damages arising out of C&I's illegal and uniform employment pay policy.

79. Ludlum knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

80. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

81. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## JURY DEMAND

82. Pursuant to F.R.C.P. 38, Ludlum demands a trial by jury.

# PRAYER

83. WHEREFORE, Ludlum prays for relief as follows:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Class Members to permit them to join this action by filing a written notice of consent;

b. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23 under Washington Wage Laws;

c. Judgment against C&I awarding Ludlum and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

d. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

e. All such other and further relief to which Ludlum and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ Nicholas D. Kovarik
Nicholas D. Kovarik
WA Bar No. 35462
nick@pyklawyers.com
**PISKEL YAHNE KOVARIK, PLLC**

CLASS AND COLLECTIVE ACTION
COMPLAINT - 14

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
509-321-5930 – Telephone
509-321-5935 – Facsimile

Michael A. Josephson
Texas Bar No. 24014780
mjosephson@mybackwages.com
Andrew Dunlap
Texas Bar No. 24078444
adunlap@mybackwages.com
Richard M. Schreiber
Texas Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
Pro Hac Vice Forthcoming

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
Pro Hac Vice Forthcoming

**ATTORNEYS FOR PLAINTIFFS**

CLASS AND COLLECTIVE ACTION
COMPLAINT - 15



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935