UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUDREY LUDLUM, individually and for others similarly situated,<br><br>                      Plaintiff,<br><br>  v.<br><br>C&I ENGINEERING, LLC,<br><br>                      Defendant. | NO: 4:18-CV-5192-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE |

BEFORE THE COURT is Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 23). This matter was submitted for consideration with oral argument, and a hearing has been set for May 23, 2019. However, pursuant to Local Civil Rule 7(i)(3)(B), the Court exercises its discretion that oral argument is not warranted to resolve the instant motion. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 2).

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL
CERTIFICATION AND COURT-AUTHORIZED NOTICE ~ 1

## BACKGROUND

Defendant C&I Engineering, a Washington Limited Liability Company, is "a consulting firm that provides consultants, staff augmentation support, and plant design modifications services to clients across the United States." ECF No. 10 at 4, ¶ 16; 5, ¶ 22. According to its website, Defendant provides consulting services to expanding markets in power utilities, fossil, department of energy, and department of defense industries. *Id*. at 4, ¶ 15.

Plaintiff Audrey Ludlum is a former employee of Defendant. ECF No. 10 at 3, ¶ 9. Plaintiff was hired by Defendant as a civil engineer consultant in 2016 and placed on assignment to Defendant's client, Energy Northwest, in Richland, Washington. *Id*. at 6, ¶¶ 28-29; 2, ¶ 8; *see also* ECF No. 10-1. The terms of Plaintiff's employment are set forth in a "Temporary Employment Agreement Exempt Employee," which outlines the following compensation plan:

> You shall be paid $83.00/hr for the first 40 qualifying hours in a work week. Therefore salary will be approximately $3,320.00/hr for a 40 hour work week before deductions. For each qualifying hour in excess of 40 in a regularly scheduled work week, you shall be paid $83.00/hour. Your work schedule may vary according to the needs of C&I and its Client[.]

ECF No. 10-1 at 2 (Ex. A). Despite the appearance of the term "salary" in the Employment Agreement, Plaintiff describes herself as an "hourly worker" of Defendant, as she "was not guaranteed a salary," she "reported the hours she

worked to [Defendant] on a regular basis," and she "was only paid only (sic) for the hours she worked." ECF No. 10 at 5, ¶¶ 26-27, 35-36.

Plaintiff initiated this class and collective action against Defendant to recover unpaid overtime and other damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and Washington's Minimum Wage Act ("MWA"), chapter 49.46 RCW. ECF No. 10. As stated in her Amended Complaint, Plaintiff asserts that Defendant (1) failed to pay her, and other workers like her, overtime at 1.5 times their regular rates, as required by the FLSA's overtime provisions, and (2) failed to pay her, and other workers like her, overtime compensation or provide rest periods as required under the MWA. *Id*. at 7, ¶ 51; 10, ¶¶ 65-68.

On April 5, 2019, Plaintiff filed a Motion for Conditional Certification and Court-Authorized Notice (ECF No. 23), which is currently before the Court. In the pending motion, Plaintiff moves the Court to conditionally certify a nationwide collective action of current and former employees of Defendant who were paid "straight time for overtime" pursuant to the FLSA's collective action provision, 29 U.S.C. § 216(b). ECF No. 23 at 1-2. That Court notes that, in the instant motion, Plaintiff does not move for class certification under Federal Rule of Civil Procedure 23 to pursue her MWA claims. As such, the Court does not address Plaintiff's MWA claims or class action arguments in this Order. Only Plaintiff's FLSA collective action claims are presently before the Court.

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL
CERTIFICATION AND COURT-AUTHORIZED NOTICE ~ 3

# DISCUSSION

## A. Federal Overtime Requirements

The FLSA generally requires an employer to pay its employees at least 1.5 times their regular rate of pay for all hours worked in excess of forty hours weekly. 29 U.S.C. § 207(a)(1).  Employers who violate this requirement are liable for damages in the amount of the unpaid overtime, "an additional equal amount as liquidated damages," and "reasonable attorney's fee . . . and costs."  29 U.S.C. § 216(b).  Employees may, however, be exempt from overtime requirements under certain circumstances defined by the FLSA and its implementing regulations.

The FLSA recognizes a "professional employee" exemption, which exempts from overtime requirements those individuals employed in a "professional capacity."  29 U.S.C. § 213(a)(1).  "Professional employee" is defined by regulation as any employee "[c]ompensated on a salary or fee basis" and:

  (2) Whose primary duty is the performance of work:

  (i) Requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

  (ii) Requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

29 C.F.R. § 541.300(a) (2).  "Primary duty" is defined to mean "the principal, main, major, or most important duty that the employee performs."  29 C.F.R. §

541.700(a). In determining whether a plaintiff qualifies as a professional employee, courts first determine whether the employee satisfies the duty requirements of an exempt employee and then examines whether the employee was actually paid a salary (the "salary basis test"). *See Webster v. Pub. Sch. Employees of Wash., Inc.*, 247 F.3d 910, 914 (9th Cir. 2001).

Defendant asserts its employees are exempt from the FLSA's overtime requirements under the professional employee exemption. ECF No. 28 at 7. According to Defendant, it properly classified its engineer consultants as exempt professionals "because engineers receive specialized instruction and engineering projects require specialized knowledge," and Defendant's engineers were paid on a salary basis. *Id*. Plaintiff maintains that she and other consultants employed by Defendant "were all hourly employees of C&I mischaracterized as exempt," "were never guaranteed a salary," and "were only paid for hours actually worked." ECF No. 23 at 3.

Because it is uncontested that Defendant classified its consultants as exempt employees and did not pay them overtime, the key issue in this case involves determining whether Defendant's employees are exempt from federal overtime requirements under the professional exemption. However, the Court need not decide whether the exemption applies in connection with the instant motion; rather,

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE ~ 5

the only issue currently before the Court is whether the applicability of the exemption may be resolved on a collective basis under 29 U.S.C. § 216(b).

**B. Collective Action under 29 U.S.C. § 216(b**)

Under the FLSA, plaintiffs may institute a collective action on behalf of themselves and "other employees similarly situated" against an employer who violates the FLSA's overtime requirements. 29 U.S.C. § 216(b). The FLSA's collective action mechanism, 29 U.S.C. § 216(b), permits workers to litigate jointly if they "(1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018) (quoting 29 U.S.C. § 216(b)).

Importantly, *collective* actions under the FLSA are distinguishable from *class* actions under Federal Rule of Civil Procedure 23. *Id*. at 1101. In a FLSA collective action, any similarly situated employee must opt-in to the case following notice, whereas under Rule 23, a class members who does not wish to be bound by the judgment must opt out of the case. *See id*.; Fed. R. Civ. P. 23. Moreover, FLSA collective actions are not subject to the numerosity, commonality, and typicality rules of a class action suit brought under Rule 23. *Campbell*, 903 F.3d at 1101 ("Collective actions and class actions are creatures of distinct texts— collective actions of section 216(b), and class actions of Rule 23—that impose distinct requirements."). Rather, in collective actions, the plaintiff need only show

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE ~ 6

that she is "similarly situated" to the other members of the proposed class. 29 U.S.C. § 216(b). There is, however, little circuit law defining "similarly situated."

Within the Ninth Circuit, district courts take a two-step approach to the certification of a FLSA collective action. First, at or around the pleading stage, plaintiffs will typically move for preliminary certification, as Plaintiff has done here. In assessing a motion for preliminary certification, a district court conducts an initial "notice stage" analysis of whether plaintiffs are similarly situated to the proposed class, and determines whether a collective action should be certified for the purpose of sending notice of the action to potential class members. *Campbell*, 903 F.3d at 1101. Unlike class certification under Rule 23, preliminary certification under § 216(b) of the FLSA does not "produce a class with an independent legal status[ ] or join additional parties to the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Rather, "'[t]he sole consequence' of a successful motion for preliminary certification is 'the sending of court-approved written notice' to workers who may wish to join the litigation as individuals." *Campbell*, 903 F.3d at 1101 (quoting *Genesis*, 569 U.S. at 75). And as the Ninth Circuit has explained, "[p]reliminary certification, to the extent it relates to the approval and dissemination of notice, is an area of substantial district court discretion." *Id*. at 1110 n.10.

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE ~ 7

The second stage of the collective action process generally occurs after the completion of discovery. At that time, the party opposing collective certification will move for decertification of the collective action for failure to satisfy the "similarly situated" requirement in light of the evidence produced to that point. *Id.* at 1109. In evaluating a motion for decertification, courts "take a more exacting look at the plaintiffs' allegations and the record." *Id.* The Ninth Circuit recently endorsed a three-factor test for analyzing the "similarly situated" requirement at the decertification stage. First, courts determine whether party plaintiffs are "similarly situated," meaning "they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117. Second, courts consider "the various defenses available to defendants which appear to be individual to each plaintiff." *Id.* at 1113 (quoting *Thiessen v. General Electric Capital Corp*, 267 F.3d 1095, 1103 (10th Cir. 2001)). Third, courts consider whether "procedural considerations" may justify decertification. *Id.* at 1115-16 ("decertification of a collective action of otherwise similarly situated plaintiffs cannot be permitted unless the collective mechanism is truly infeasible.").

In the instant motion, Plaintiff seeks to conditionally certify the following collective action pursuant to 29 U.S.C. § 216(b):

> All hourly workers of C&I Engineering, LLC who were, at any point in the past 3 years, paid "straight time for overtime" (the "Putative Class Members").

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE ~ 8

ECF No. 23 at 2.  As discussed above, at the conditional certification stage, the Court evaluates Plaintiff's motion under a "lenient" standard.  Plaintiff's motion is supported by her Amended Complaint, two declarations, copies of paychecks, her Employment Agreement, and job listings taken from Defendant's website.  *See* ECF Nos. 10 (Amended Complaint); 23-1 (Ludlum Decl.); 23-2 (Paychecks); 23-3 (Employment Agreement); 23-6 (Cabrera Decl.).  Plaintiff alleges that these submissions establish that workers employed by Defendant in technical consultant positions "were farmed out to provide services to generating stations and power plants, and the hourly workers were subject to the same common payment plan of straight time for overtime, regardless of title or location."  *Id*. at 5.

In the Court's view, Plaintiff's submissions are consistent with each other, and from this small record Plaintiff has shown that employees hired by Defendant as consultants perform similar job duties.  Moreover, the submissions also support Plaintiff's assertion that she, and other consultants, worked more than forty hours per week but were compensated with a salary that did not take into account overtime pay.  Defendant concedes that "C&I employees all engaged with the company under a 'Temporary Employment Agreement Exempt Employee,'" and that all exempt employees were paid the same way—"on a weekly salary basis." ECF No. 28 at 2-3.

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE ~ 9

Plaintiff's showing, though minimal, is sufficient for the Court to grant conditional certification at this time. This is due to the leniency with which the Court treats the motion. Though the Court finds this decision to be a close one, Plaintiff has succeeded in plainly alleging a common policy to classify Defendant's employees as exempt, thereby potentially denying them overtime compensation in violation of the FLSA. Accordingly, the Court conditionally certifies the following collective action pursuant to the FLSA:

> All current and former employees of C&I Engineering, LLC, who were, at any point in the past three (3) years, paid "Straight time for overtime" [1]

Plaintiff seeks the Court's approval of her proposed notice to potential opt-in plaintiffs. ECF No. 23 at 21-25. Defendant has not raised any objections to the proposed notice. Accordingly, the Court accepts Plaintiff's Notice and Consent Form, as proposed in Exhibit D in Plaintiff's motion for conditional certification,

---

[1] Although Plaintiff seeks certification of a collective class composed of all "hourly workers" of Defendant, the Court finds this description somewhat misleading. ECF No. 23 at 2. Defendant maintains that it employs only salaried employees. ECF No. 28 at 3. Thus, for greater accuracy, the Court describes putative collective action members as "current and former employees" of Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE ~ 10

and the proposed certification schedule. *Id.* Additionally, the Court finds that (1) email notification is appropriate in this case, (2) Plaintiff's Counsel may follow-up with putative collective action members with a mailed reminder notice, and (3) Plaintiff's Counsel may also follow-up with certain putative collective action members via telephone if the member's contact information is shown to be incorrect or no longer valid.

**ACCORDINGLY, IT IS ORDERED:**

1. The hearing set for May 23, 2019 is **VACATED**.

2. Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 23) is **GRANTED**.

3. The putative collective of the following similarly situated persons is hereby conditionally certified under 29 U.S.C. § 216(b):

> All current and former employees of C&I Engineering, LLC, who were, at any point in the past three (3) years, paid "Straight time for overtime"

4. The proposed notice attached to Plaintiff's motion as Exhibit D is hereby adopted. Plaintiff's counsel is authorized to disseminate the notice by U.S. mail and email.

//

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE ~ 11

5.	Within ten (10) days of this Order, Defendant shall produce to Plaintiff the following information for all Putative Collective Action Members in Excel (.xlsx) format:

> Full name; last known address(es) with city, state and zip code; last known e-mail address(es) (non-company address if applicable); last known telephone number(s); beginning date(s) of employment; and ending date(s) of employment (if applicable).

6.	Within twenty (20) days of this Order, Plaintiff's Counsel shall send a copy of the Court-approved Notice and Consent Form to the Putative Collection Action Members by First Class U.S. mail and by email.  Plaintiff's Counsel may follow-up the mailed Notice and Consent Forms with contact by telephone to those Putative Collective Action Members whose mailed contact information is incorrect or no longer valid.

7.	The Putative Collective Action Members shall have sixty (60) days from the first dissemination of notice to "opt-in" and join the lawsuit by returning their signed Consent forms to Plaintiff's Counsel.

8.	Thirty (30) days after mailing the Notice and Consent Forms to Putative Collective Action Members, Plaintiff's Counsel may mail and email a second, identical copy or postcard of the Notice and Consent Form to the Putative Collective Action Members reminding them of the deadline for the submission of the Consent Form.

ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE ~ 12

1  The District Court Clerk is directed to enter this Order and provide copies to

2  the parties.

3  **DATED** May 16, 2019.



THOMAS O. RICE
Chief United States District Judge